■ In the Matter of LEROY REAVES-BEY, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—In a proceeding pursuant to CPLR article 78, the petitioner appeals from a judgment of the Supreme Court, Kings County (Shaw, J.), entered January 7, 1986, which granted respondent's motion to dismiss the proceeding.

Ordered that the judgment is affirmed, with costs.

Beginning in May 1972, the petitioner was employed by the New York City Transit Authority (hereinafter the Transit Authority) as a tower operator. The petitioner sought to be promoted to the position of train operator and, in furtherance thereof, submitted to a medical examination. On or about December 11, 1984, the petitioner was advised that the urine sample he had submitted was found to contain "a positive indication of use of a controlled substance", to wit, marihuana.

Prompted by the results of the urine analysis procedure, the Transit Authority elected to implement disciplinary measures and, accordingly, advised the petitioner, at an administrative meeting, that he would be suspended for 30 days with counseling or face dismissal. The petitioner, who was accompanied by his union representative at this meeting, agreed to accept the Transit Authority's decision to suspend him, and, in fact, signed a written statement documenting his acceptance of that decision. Despite the existence of a collective bargaining agreement delineating the procedures whereby the petitioner could challenge or appeal disciplinary actions taken by the Transit Authority, the petitioner chose not to avail himself of the rights and remedies provided thereunder. Instead, he commenced the instant proceeding approximately nine months after he was notified of the Transit Authority's decision, dated December 11, 1984, effecting his suspension.

We find that the Supreme Court properly granted the Transit Authority's cross motion to dismiss the proceeding as barred by the four-month Statute of Limitations (see, CPLR 217).

We further note that although the petitioner, on appeal, asserts that the Transit Authority violated the collective bargaining agreement by failing to provide him with the opportunity to request what is characterized by the agreement as a "step 1" hearing to determine the propriety of the

disciplinary measures, this contention is foreclosed by virtue of the petitioner's written acceptance of the Transit Authority's decision to suspend him and his failure to utilize the administrative remedies and appeal procedures provided in the contract. Weinstein, J. P., Eiber, Spatt and Sullivan, JJ., concur.